United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50818

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE EDWARD TERRY, JR. also known as Clarence Edward Terry,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
Civil Docket #W-01-CR-25-1

_____

Before JONES and BENAVIDES, Circuit Judges, and KAZEN[*], District Judge.

PER CURIAM:[*]

_____

[*]District Judge for the Southern District of Texas, sitting by designation.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court has carefully considered this appeal in light of the briefs and oral arguments of counsel. Finding no reversible error of fact or law, we affirm the conviction and sentence.

Terry first objects to the district court's instruction to the jury to consider his guilt of the lesser offense of second degree murder if ". . . after all reasonable efforts, you are unable to reach a verdict, . . ." on first degree murder. Even assuming that Terry properly preserved his objection to this instruction, which follows the Fifth Circuit pattern jury instructions, the trial court did not err. This instruction was more favorable to the defense than the 1990 version, which required the jury to acquit the defendant before they could move on to the lesser offense.

Terry also contends that the court's instruction to the jury on a sudden quarrel was inadequate, but this issue must be reviewed for plain error only. The term "sudden quarrel" is sufficiently clear as not to have required further definition by the district court. There was no error.

Third, Terry asserts that his counsel was ineffective for failing to object to "expert" testimony regarding blood splatter evidence, particularly because the district court practically invited such an objection. Even if the testimony was improperly admitted, however, Terry cannot establish prejudice under the

Strickland test, due to the overwhelming weight of the evidence against him.

Similarly, because of the extensive incriminating evidence against Terry, especially his own confession, Terry's challenge to the sufficiency of malice aforethought and premeditation evidence lacks merit. The gruesome details and extended duration of the attack on Nicole Johnson fully supported the jury's determination.

**AFFIRMED.**